# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BARUCH ABRAMOV,**

    **Plaintiff,**

    **v.**                                                                      Case No. 16-CV-1238

**NANCY A. BERRYHILL,**
**Acting Commissioner of Social Security,**

    **Defendant.**

## ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT

Baruch Abramov sought judicial review pursuant to 42 U.S.C. § 405(g) of the denial of his claim for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income under the Social Security Act, 42 U.S.C. § 405(g). On October 18, 2018, I ordered that the case be remanded to the Commissioner pursuant to sentence four of § 405(g). Abramov moves for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

The deadline for the Commissioner to respond to Abramov's motion has now passed and the Commissioner has not responded. *See* Civil L.R. 7(b). Under the EAJA, the prevailing party in litigation against the federal government is entitled to attorney's fees if: (1) the government's pre-litigation or litigation positions were not substantially justified; (2) no special circumstances exist that would make an award unjust; and (3) the request is timely filed with the district court. 28 U.S.C. § 2412(d)(1)(A), (B); *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006).

Based on my decision reversing and remanding under sentence four, Abramov is the prevailing party in this case. *See Shalala v. Schaefer*, 509 U.S. 292, 301–02 (1993). And, Abramov's application, filed within thirty days of when the judgment became final, is timely. *See* 28 U.S.C. §§ 2412(d)(1)(B) and (d)(2)(G). *See also Schaefer*, 509 U.S. at 302 (finding that an EAJA application may be filed until 30 days after a judgment becomes "not appealable"—i.e., 30 days after the time for appeal has ended. Rule 4(a) of the Federal Rules of Appellate Procedure establishes that, in a civil case to which a federal officer is a party, the time for appeal does not end until 60 days after "entry of judgment").

The Commissioner bears the burden of demonstrating that the government's position was substantially justified or that special circumstances would make an award unjust. *Wirth v. Barnhart*, 325 F. Supp. 2d 911, 913 (E.D. Wis. 2004). Given it is the Commissioner's burden of demonstrating that the government's position was substantially justified, and the Commissioner has not responded, I have no basis to conclude that the government's position was substantially justified. Nor has the Commissioner challenged the reasonableness of the fee request. I find the requested fees to be reasonable. Thus, I will grant Abramov's request for EAJA fees in the amount of $2,765.40.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's motion for attorney's fees under the Equal Access to Justice Act (Docket # 22) is granted in the total amount of $2,765.40.

**IT IS FURTHER ORDERED** that these fees are awarded to Abramov and not his attorney, and can be offset to satisfy any pre-existing debt that the litigant owes the United States under *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010). If counsel for the parties can verify that Abramov owes no

preexisting debt subject to offset, Defendant will direct that the award be made payable to Abramov's attorney pursuant to the EAJA assignment duly signed by Abramov and counsel.

Dated at Milwaukee, Wisconsin this 9th day of January, 2019.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge